**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**Case No. 2:22-cr-160**
**Judge Edmund A. Sargus, Jr.**

**KEVEANTE DESHAWN SMOOT,**

**Defendant.**

**OPINION AND ORDER**

Defendant Keveante Smoot has been indicted under 18 U.S.C. § 922 (g)(1), charging him with possessing a firearm after conviction on a felony. (ECF No. 11). This matter is before the Court on Defendant's Motion to Suppress Evidence. (ECF No. 46). Following a hearing, and for the reasons set forth below, Defendant's motion is **DENIED**.

**A. Factual Background**

On July 21, 2022 Columbus Police Department Officers J. Vaughan and I. Pifer were dispatched to 213 Broad Meadows Blvd. "on an unknown complaint of a female screaming for help." (ECF No. 1, Page 2). Upon arrival, the officers identified and made contact with the caller, Ms. Leigh Moehl. (ECF No. 46, Page 2). Ms. Moehl informed the officers that a couple living in 191 Broad Meadows Blvd. were involved in a domestic dispute. (ECF No. 1, Page 2) (ECF No. 46, Page 2). The officers then made their way to the residence, where they encountered a man and a woman inside the residence. (ECF No. 1, Page 2). The officers later identified the man as Keveante Smoot. (*Id.*) They observed a strong smell of alcohol on

Smoot's breath. (*Id.*). They were also aware of multiple children inside the home. (ECF No. 56, Page 42).

While standing at Defendant's front door, Officer Vaughan and Pifer attempted to initiate communication with Smoot's companion, Ms. Johnson. However, the officers testified that Smoot became aggressive as they did so. It was during this time that Officer Vaughan observed and heard something fall out of Smoot's pocket. (ECF No. 56, Page 38). He described this object as a handgun. (*Id.*, Page 39). Officer Vaughan also stated that he yelled "gun" several times, a fact which was corroborated by bodycam footage. (ECF No. 1, Page 2) (ECF No. 56, Page 38). At this point Smoot's companion slammed the door on the officers. (ECF No. 1, Page 2).

Suspecting criminal activity, Officers Vaughan and Pifer called for additional support and soon set up a perimeter around the apartment. (ECF No. 1, Page 2). Smoot and his companion were ordered to leave the building. (*Id.*). After roughly seven minutes, both complied. (*Id.*). Later, officers made their way inside to remove several children from the scene. (ECF No. 56, Page 43). Officer Vaughan maintains that these officers did not conduct a search while escorting the children outside. (ECF No. 56, Page 45).

While the officers surrounded Smoot's residence, Detective Vaughan Spencer wrote out a search warrant for 191 Broad Meadows Blvd. (ECF No. 56, Page 10). He testified that he received the necessary information directly from the dispatcher's run report and an officer at the scene. (*Id.*, at 12-13). Detective Spencer did not personally witness any of the relevant events. (*Id.*, at 13). His report stated that a gun was seen in Smoot's hand, not that it was seen falling to the floor. (ECF No. 46, Exhibit 1). This was consistent with the run report, but not Officer Vaughan's observations. The detective presented his application, affidavit, and search warrant to

Franklin County Municipal Court Judge Eileen Paley, who authorized the search. (*Id.*) The officers at the scene then executed the search warrant, finding a black loaded Taurus, PT 111G2, 9mm handgun. The gun was found hidden in Smoot's closet. After Defendant was arrested, officers also entered and turned off the ignition of a white vehicle that had been left running in the driveway next to the Defendant's apartment. (ECF No. 56, Page 44). The officers deny finding any relevant evidence within, testifying that they entered the vehicle for the sole purpose of turning it off. (ECF No. 56, Page 18). The officers did inventory the vehicle before moving it away from the scene. (ECF No. 54, Page 3).

At the conclusion of these events, Defendant Smoot was arrested and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

**B. Standard**

"Federal constitutional law applies to a state search warrant that is challenged in federal court." *United States v. Helton*, 35 F.4th 511, 517 (6th Cir. 2022). A defendant may seek the suppression of evidence by filing a pretrial motion with the court. Fed R. Crim. P. 12(b)(3)(C). "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014) (citation omitted).

The Fourth Amendment states "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A "state search warrant being challenged in a federal court must be judged by federal constitutional standards." *United States v. McManus*, 719 F.2d 1395, 1397 (6th Cir. 1983) (citing *Elkins v. United States*, 364 U.S. 206, 80 S. Ct. 1437,

4 L. Ed. 2d 1669 (1960)). "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion[]' that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990); *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).

"To establish probable cause necessary for [a] search warrant, [a] supporting affidavit must set forth 'a nexus between the place to be searched and the evidence sought.'" *United States v. Penney*, 576 F.3d 297, 311 (6th Cir. 2009) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The reviewing court's task "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Penney*, 576 F.3d at 311 (citing *Carpenter*, 360 F.3d at 594).

Under established Supreme Court precedent,

> "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

*Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

"Allegations of negligence or innocent mistake are insufficient," *United States v. Thomas*, 852 Fed. Appx. 189.

**C. Analysis**

Defendant has asked the Court "to suppress all evidence obtained from the illegal search and upon such suppression, to dismiss the indictment where there is no other evidence to support the indictment." (ECF No. 46, Page 12). Without this evidence, Defendant argues that the Prosecution lacks probable cause and that their indictment must be dismissed. The evidence Defendant seeks to suppress includes statements made by the Defendant and the recovered firearm. Defendant also takes issue with the officers' search of his car and their first "search"[1] of his home. However, as no relevant evidence was recovered from the vehicle or the first search, no suppression is warranted. (ECF No. 56, Pages 45, 68). Additionally, Defendant's motion lacked clarity as to which of Smoot's specific statements he seeks to suppress, so this Court will assume he is challenging all of them. The Court will deal with the statements and firearm in turn.

**a. Statements**

Defendant volunteers two theories for why the suppression of Defendant's statements is warranted. First, Smoot was in custody and not Mirandized at the time he spoke with the police. Second, alternatively, Smoot's arrest was improper, necessitating the suppression of all

[1] Defendant argues that officers conducted a warrantless search when, after arresting Smoot and his companion, they entered the residence to remove the children living there. However, officers deny conducting a search while removing the children, and Defendant has not presented evidence that officers found any relevant evidence whatsoever during this first search.

statements made during his illegal arrest.[2] (ECF No. 46, Page 11). However, suppression is not necessary under either theory.

First is the Defendant's custody theory of suppression. The Supreme Court, as set forth in the case of *Miranda v. Arizona*, has stated that "police officers must give certain warnings, including the right to remain silent, before conducting a custodial interrogation." *United States v. Dickson*, No. 21-6176 (6th Cir. June 29, 2022). The Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Without a warning, statements elicited during custodial interrogation are inadmissible. *Id*. Here however, Smoot was not subject to custodial interrogation at the time he made any of the relevant statements. As such, none of his statements are inadmissible.

Second is Defendant's arrest theory of suppression. Smoot made several statements, both to his companion and to the officers themselves, throughout his interaction with officers. Some of these were made pre-arrest. As statements made outside of a custodial relationship, they do not implicate *Miranda*. Further, the specific statements Smoot made to officers after arrest are also admissible. As the prosecution points out, Smoot's post-arrest "statements consist of the Defendant either being asked routine questions or his voluntary engagement of officers in conversation." (ECF No. 54, Page 4). Defendant has not pointed to any specific statements that fall outside of these categories. And the Court has clearly stated that "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Defendant has not shown by a

[2] Defendant's motion is unclear as to this second theory. However, the Court has tried to restate his argument to the best of its ability.

preponderance of the evidence that any of Smoot's statements are inadmissible, let alone that they must be suppressed.

**b. Firearm**

Defendant also argues in favor of the suppression of the weapon recovered in the defendant's apartment. Officers found a black loaded Taurus, PT 111G2, 9mm handgun in the apartment after searching the residence pursuant to a search warrant. Defendant challenges the validity of this search warrant, stating that it contained "false statements and omissions." (ECF No. 46, Page 6). However, Defendant cannot prove by a preponderance of the evidence that suppression is warranted. And even if he could, the government would still have had probable cause to search his apartment.

As mentioned above, the Supreme Court has established a process for Defendants seeking the suppression of evidence in *Franks v. Delaware*. A Defendant attempting to suppress a piece of evidence discovered pursuant to a search warrant must establish, by a preponderance of the evidence, that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). If the statement or statements are "necessary to the finding of probable cause," and "the affidavit's remaining content is insufficient to establish probable cause," then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*.

Here, Defendant argues that the phrase "a gun in hand" is one such falsity. Defendant also points to a number of circumstances and events surrounding the officers' initial interaction with Smoot, which were not included in the search warrant affidavit. Defendant argues that these are

material omissions that should invalidate the search warrant. The alleged omissions are "that Officer Vaughn only saw a 'flash of silver' for a very brief time" and that "is what he believed to be a firearm," "[t]hat Mr. Smoot was standing partially blocked behind the door and Officer Pfifer was in front of Officer Vaughn closer to Mr. Smoot and his companion," "[t]hat the interior of the home was very dark was also omitted," and "Ms. Johnson's statements to Officer Pfifer that she did not observe a firearm and believed it was Mr. Smoot's cell phone that dropped." (ECF No. 58, Pages 5–6). Defendant argues that the affidavit's falsity and omissions were made intentionally or at least recklessly. (*Id*., Page 2)

The Prosecution concedes the affidavit prepared by Detective Spencer in support of the Government's search warrant application contains a misstatement: They acknowledge that no officer actually saw a firearm in Smoot's hand. (ECF No. 54, Page 10). However, the Prosecution pushes back on Defendant's accusations of perjury and recklessness, stating that "any inaccuracy in the search warrant affidavit was made as a result of negligence." (ECF No. 57, Page 6). Further, the Prosecution states that "sufficient probable cause exists to justify the warrant" after excising any inaccuracy in the warrant affidavit. The Government's arguments are well taken. As explained below, suppression is not appropriate in this case. First, Defendant has not shown Detective Spencer included the inaccuracy in the search warrant affidavit recklessly or intentionally. Second, Defendant has not shown that the Government would lack probable cause if all inaccuracies were excised from affidavit.

Defendant maintains that he has shown "by a preponderance of the evidence that a false statement was intentionally or reckless included in the affidavit for a search warrant." (ECF No. 58, Page 2). However, the evidence Defendant has brought forth in his filings and at the suppression hearing establishes no such thing. The evidence that relates to Officer Vaughan's

intent or recklessness is irrelevant to the question to be decided. The remaining evidence, which consists of the omissions and the inaccuracy, is insufficient to carry his burden.

Defendant states, "[t]he Court should look to not just what Detective Spencer included in his report but whether Officer Vaughn provided Detective Spencer false information or provided a reckless omission." (ECF No. 58, Page 7). However, the Sixth Circuit has repeatedly rejected extending the *Franks* analysis to officers beyond the affiant. As such, Officer Vaughn's intent or recklessness in providing Detective Spencer a piece of inaccurate information is irrelevant. The only relevant inquiry here is whether the affiant, Detective Spencer recklessly or intentionally included materially false information on the search warrant affidavit.

The omissions in Detective Spencer's affidavit do not negate probable cause. As mentioned above, Defendant points to a number of supposedly material omissions that, he argues, should have been included in the search warrant affidavit. While not originally envisioned by the Court, *Franks* "has [since] been extended to situations in which material omissions affect the probable cause determination." *United States v. Bailey*, 831 F.2d 297 (6th Cir. 1987); *see also United States v. Stanert*, 762 F. 2d 775 (9th Cir. 1985). However, the omissions Defendant cites are not material. Judge Paley approved a search warrant for the Defendant's home "for the purpose of locating, seizing, and processing: Evidence of the crime of having weapons while under disability." (ECF No. 46, Exhibit 1, Page 1). All that officers need to establish probable cause is evidence that Smoot, a felon, possessed a firearm, and that the firearm was still in the home. Officer Vaughan states that he saw a small silver Taurus handgun fall out of Smoot's pocket. (ECF No. 56, Page 40). That an officer observed Smoot in possession of the gun is enough to clear the relatively low bar that is probable cause. Probable cause requires "only a probability or substantial chance of criminal activity, not an actual

showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 244 n. 13, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). The officer's real time observation of a weapon on, or dropped by, a convicted felon certainly fulfills this requirement.

Most importantly, Defendant has not shown that officers included an inaccuracy in the search warrant affidavit intentionally or recklessly. The difference between what Officer Vaughan saw and what was recorded in the search warrant affidavit is slight. Officer Vaughan testified that he saw a silver "compact-sized handgun," which he identified as a Taurus, fall out of Smoot's pocket. (ECF No. 56, Page 40). Detective Spencer's affidavit, however, describes a weapon in Smoot's hand. Both Officer Vaughan and Detective Spencer's affidavit establish that Smoot possessed a weapon. There is a difference here, but it is small. The descriptions are not so different that they could not simply have been caused "as a result of negligence." (ECF No. 57, Page 6).

Further, Detective Spencer testified that he learned about the evidence he wrote in his affidavit primarily from two sources, the run report and statements from another officer, most likely Officer Vaughan. Detective Spencer's affidavit is consistent with the run report, which states that Smoot had a "small silver handgun in his hand." (ECF No. 54, Exhibit 1, Page 2). The detective testified that the run report is a reliable source of information, and that he quite often uses it when applying for a search warrant. (ECF No. 56, Page 12). And Defendant has not pointed to any piece of precedent disfavoring the use of run reports while drafting search warrant affidavits, or showing the use of run reports is reckless. As such, the use of information gathered from a run report in applying for a search warrant does not appear to be reckless in this case.

Defendant has also not presented any direct evidence that Detective Spencer acted recklessly or intentionally. He states Detective Spencer's "admission to this untruth is sufficient to establish by a preponderance of the evidence that the affidavit contained a false statement or that there was a reckless disregard for the truth." (ECF No. 58, Page 4). However, the Court in *Franks* was clear that the mere inclusion of a false statement is only one part of its suppression test. The statement must also be made "knowingly and intentionally, or with reckless disregard for the truth." *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). That a statement is false does not necessarily mean it was made recklessly or as a result of perjury. Defendant has not shown, by a preponderance of the evidence, that Detective Spencer's inaccurate statement was anything other than a mistake. There is no evidence or perjury, or that the detective was "subjectively entertain[ing] serious doubts as to the truth of his or her allegations." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (punctuation modified). "The Court has no reason to doubt that [Detective Spencer] believed the conclusion he expressed was correct" at the time he made it. *United States v. Smith*, 2023 U.S. Dist. LEXIS 10463 (E.D. Mich. Jan. 20, 2023).

Further, Defendant's cited precedent is distinguishable from the case at hand. Defendant advances *United States v. Bennett*, 905 F. 2d 931 (6th Cir. 1990) as justification for the suppression of the recovered firearm. Defendant recounts the facts of *Bennett* as follows:

> "Officer Horn alleged in the search warrant affidavit that an informant told him that he had seen the presence of marijuana in various places. However, at a Franks hearing, Officer Horn admitted 'by his own testimony that statements in his affidavit were untrue, statements that clearly are material to the affidavit.' *Id* at 934. Thus, in *Bennett*, the Sixth Circuit held that 'because [the affiant] by his own testimony, admitted that statements in his affidavit were untrue, statements clearly material to the affidavit, we find that the district court's determination that there were no intentionally false statements, nor any statements made in reckless

disregard for the truth was clearly erroneous.' *Id*. (citing to *United States v. Henson*, 848 F. 2d 1374, 1381 (6th Cir. 1988)"

ECF No. 58, Page 4.

Despite Defendant's assertions, the officer's conduct in *Bennett* does not resemble Detective Spencer's conduct here. In *Bennett* police obtained a search warrant for the defendant's home, with the goal of seizing marijuana. The accompanying affidavit stated that a confident informant had seen "green plant material known to him as marihuana in the barn beside said house." *United States v. Bennett*, 905 F. 2d 931, 932 (6th Cir. 1990). However, the affiant officer later "admitted at the hearing that the informant had not told him that he had seen marihuana in the barn nor the bags of marihuana in the house." *Id*., at 934.

While the actions of the affiant officer in *Bennett*, fabricating evidence in order to show probable cause — were intentionally false or made with reckless disregard for the truth, the actions of Detective Spencer were not. Defendant has not presented evidence that the detective fabricated evidence or even embellished it. Detective Spencer testified that he used what he believed as a reliable source of information, the run report, as a basis for his affidavit. And while that information did turn out to be partially incorrect, that alone does not make his use of it reckless.

Even if the Court accepted Defendant's argument that Detective Spencer recklessly or intentionally included a false statement in the warrant affidavit, suppression of the firearm would still not be warranted. "[T]he affidavit's remaining content" is not "insufficient to establish probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). As such, the Court is not required to void the search warrant and the fruits of the search. *Id*.

To show a *Franks* violation, the Sixth Circuit has held that it is sufficient to "set to one side [the affidavits' false material]" and analyze "the affidavit's 'remaining content'… to see whether it creates probable cause." *United States v. Elkins*, 300 F.3d 638 (6th Cir. 2002) (quoting *Franks*, 438 U.S. at 156). Detective Spencer's affidavit stated "[w]hen officers arrived, they saw a male, later identified as Keveante Smoot, with a small silver handgun in his hand." (ECF No. 46, Exhibit 1). Defendant argues that the false portion of this statement is: "with a small silver handgun in his hand." (ECF No. 58, Page 8). The prosecution, on the other hand, contends the only false part of this statement is: "in his hand." (ECF No. 57, Page 7). The Court agrees primarily with the prosecution.[3] Officer Vaughan testified that he saw Smoot with a handgun. (ECF No. 58, Page 56). If the inaccurate parts of the affidavit are set to one side, the Court is left with what follows: When officers arrived, they saw a male, later identified as Keveante Smoot, with a small handgun." At the time Detective Spencer wrote the search warrant affidavit, he was aware that Smoot was a felon and barred from possessing a handgun. As such, even with the inaccurate portion of the affidavit excised, the Government had probable cause to search Smoot's residence.

## D. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' Motion to Suppress Evidence. (ECF No. 46).

**IT IS SO ORDERED.**

**3/1/2023**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

[3] Officer Vaughan also inaccurately described the color of the gun.